IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONA CANIDO, | **No. C 09-00919 RS** |
| Plaintiff, | **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |
| v. | |
| DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; and CENTRAL MORTGAGE COMPANY, d/b/a CENTRAL MORTGAGE LOAN FINANCIAL, d/b/a TRUSTEE CORPS, | |
| Defendants. | |

In March 2009, plaintiffs Jona and Wilfredo S. Canido, acting *pro se*, filed a complaint against defendants Downey Savings and Loan Association, F.A.; Central Mortgage Company, d/b/a Central Mortgage Loan Servicing Company; and MTC Financial, d/b/a Trustee Corps. Plaintiffs obtained summonses for the three defendants but failed to serve them. Eventually, the summonses expired, and the Court scheduled a show cause hearing on August 12, 2009. Jona Canido appeared at the hearing and, on the same day, filed a first amended complaint ("FAC") as of right, pursuant to Federal Rule of Civil Procedure 15(a)(1). The FAC dropped plaintiff Wilfredo Canido and

1

defendant MTC Financial from the lawsuit.[1] The Court allowed the lawsuit to continue but directed Ms. Canido to return the expired summonses to the Court within 30 days, so that new ones could be issued. Order of August 14, 2009, at 2. As of November 16, 2009, Ms. Canido had not returned the expired summons, nor had she taken any other action in furtherance of the lawsuit. The Court accordingly scheduled a second show cause hearing for January 13, 2010, at which Ms. Canido failed to appear.

As this case was opened in March 2009, and almost nothing has happened to move it forward, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b) (providing that a case may be dismissed with prejudice for failure to prosecute). In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

These factors favor dismissal in the present case. Ms. Canido's inaction is contrary to the public's interest in expeditious resolution of this litigation and hinders the Court's ability to manage its docket. Prejudice to the defendants may be presumed from the unreasonable delay in service. Ms. Canido has been afforded ample opportunity to proceed, and the Court at the initial show cause hearing explained to her the process for obtaining summons. Nonetheless, this case has not moved forward beyond the filing of an amended (and still unserved) complaint. Under these circumstances, the public policy favoring resolution of disputes on their merits does not outweigh Ms. Canido's failure to prosecute this action. Nor do less drastic sanctions appear likely to produce any result. The instant case must, therefore, be dismissed with prejudice for failure to prosecute.

---

[1] The FAC's caption lists only Jona Canido as a plaintiff. Nonetheless, Wilfredo Canido is listed at the top of the complaint, along with Jona, in the space for the parties' addresses. Therefore it is unclear whether the FAC intends that Wilfredo Canido be included as a part of the lawsuit. In an abundance of caution, the Court will presume that the FAC intended to drop Wilfredo—thus, in effect, allowing him to take a voluntary dismissal *without* prejudice. This order of dismissal *with* prejudice will apply only to Jona Canido's claims.

2

IT IS SO ORDERED.

Dated: 01/19/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3